IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00011 (WLS-TQL) |
| | : |
| GABRIEL DELGADO-BENITEZ, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## AMENDED ORDER

Before the Court is a "Motion for Continuance and Extension of the Speedy Trial Act" filed by Defendant Gabriel Delgado-Benitez in the above-styled action on September 29, 2021. (Doc. 41.) Therein, Counsel for the Defendant requests that the Court continue this case and the pre-trial conference scheduled for October 12, 2021 to the next available trial term. (*Id.*) In support of the request to continue this case, Defendant's Counsel asserts that additional time is needed to complete a review of the forthcoming plea agreement and to coordinate translation with his client. (*Id.*) In addition, Defendant's Counsel notes that the Government does not oppose a continuance. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the

1

exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Motion for Continuance (Doc. 41) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny Defendant necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the February 2022 trial term in Valdosta, Georgia, which begins February 7, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the February 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The pre-trial conference scheduled for October 12, 2021 is hereby **CANCELLED** and shall be rescheduled by separate Order.

**SO ORDERED**, this 30th day of September 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**