IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA,     :
        :
v.        :
        :    Case No.: 7:21-CR-00011 (WLS-TQL-2)
        :
GABRIEL DELGADO-BENITEZ,     :
        :
        :
     Defendant.     :
        :

## ORDER

Before the Court is a "Motion for Continuance and Extension of the Speedy Trial Act" filed by Defendant Gabriel Delgado-Benitez in the above-styled action on December 20, 2021. (Doc. 48.) Therein, Counsel for the Defendant requests that the Court continue this case from the February 2022 Trial Term to the next available trial term. (*Id.*) Defendant's Counsel explains that a continuance is needed because Counsel has not yet received a proposed plea agreement from the Government. (*Id.*) Counsel asserts that additional time is needed to review the "forthcoming plea agreement" and because the assistance of a translator will be necessary for such review with Defendant Delgado-Benitez. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the

1

exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Motion for Continuance (Doc. 48) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny Defendant necessary preparations for trial, even assuming due diligence, deny Defendant the appropriate and effective time for consideration of a forthcoming plea agreement, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the May 2022 trial term in Valdosta, Georgia, which begins May 9, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this 5th day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**